UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO CASTILLO-CHAVEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　Respondent. | Case No.: 1:23-cv-00413-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Bureau of Prisons at the Federal Correctional Institution in Atwater, California. He filed the instant federal petition on March 20, 2023. Upon review of the petition, the Court finds it lacks jurisdiction. Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e) which would permit consideration of his § 2241 petition. Therefore, the Court will recommend that the instant petition be DISMISSED.

/////

/////

/////

/////

/////

# BACKGROUND[1]

I.  Factual Background[2]

The Gulf Cartel, a drug trafficking organization, moves large quantities of cocaine and marijuana across the Mexican border into the United States. The enforcement arm of the Gulf Cartel, the Zetas, includes individuals known as "sicarios" (hired assassins). In the spring of 2006, Miguel Trevino, a high-ranking commander in the Zetas who operated in the Nuevo Laredo area, ordered a group of sicarios to kill Jesus "Chuy" Resendez ("Chuy Resendez"), a member of the rival Sinaloa Cartel. On March 18, 2006, a group of three sicarios arrived at an address in Laredo, where Chuy Resendez resided. After Gerardo Ramos, Chuy Resendez's nephew, informed the sicarios that his uncle was not home, the sicarios opened fire, wounding Ramos. On March 31, 2006, a group of sicarios again arrived at the same address in Laredo, and again the sicarios opened fire, this time wounding Julio Resendez, Chuy Resendez's brother. On April 2, 2006, the sicarios located Chuy Resendez, and shot and killed him, as well as Chuy Resendez's other nephew, Mariano Resendez. The Government alleged that Petitioner was a sicario involved in all three shootings and that the shootings were carried out in furtherance of the Gulf Cartel's drug trafficking enterprise.

II. Procedural Background[3]

Petitioner was charged and convicted of various interrelated counts. He initially proceeded to trial in January 2010, but the jury was unable to reach a verdict as to most counts and he was retried in January 2012. Petitioner was convicted on all counts and sentenced to a total term of life imprisonment.

Petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed the sentencing court's judgment. Although Petitioner sought a writ of certiorari, it was denied

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court hereby takes judicial notice of the opinions of the United State Court of Appeal, Fifth Appellate District, affirming judgment, and the United States District Court, Southern District of Texas, denying Petitioner's 28 U.S.C. § 2255 motion to vacate conviction. See United States v. Castillo-Chavez, 555 F. App'x 389, 393 (5th Cir. 2014); Castillo-Chavez v. United States, Case No. 5:16-cv-00173 (S.D.Tex. 2021).

[2] The factual background is taken from the Fifth Circuit Court of Appeals' opinion in Castillo-Chavez, 555 F. App'x at 393.

[3] The procedural background is taken from the opinion of the United States District Court, Southern District of Texas, denying the § 2255 motion. Castillo-Chavez, Case No. 5:16-cv-00173 (S.D. Tex. 2021).

1  and Petitioner then sought collateral review. On September 29, 2015, the Texas District Court
2  dismissed with prejudice Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct
3  sentence. On the same day, the court entered judgment. On October 21, 2015, Petitioner filed a motion
4  for reconsideration of the order dismissing his § 2255 motion. In the motion for reconsideration,
5  Petitioner asserted new grounds for relief, and it was dismissed as a second or successive motion.
6  Petitioner sought a certificate of appealability from the sentencing court and the Fifth Circuit Court of
7  Appeals which were both denied.

8        On June 23, 2016, Petitioner filed a new motion under 28 U.S.C. § 2255. In this motion,
9  Petitioner contended that he was entitled to relief pursuant to Johnson v. United States, 135 S.Ct. 2551
10 (2015), which announced a new rule of constitutional law made retroactive by Welch v. United States.
11 136 S.Ct. 1257 (2016).  The court determined that this motion was a successive motion and since no
12 order authorizing the court to proceed had been issued by the Fifth Circuit, the court dismissed the
13 motion. Petitioner did not then seek authorization from the Fifth Circuit. More than three years later,
14 on August 6, 2019, Petitioner filed with the Fifth Circuit a motion under 28 U.S.C. § 2244 for an order
15 authorizing the district court to consider a second or successive application for relief under 28 U.S.C.
16 § 2255.  In the request for authorization, Petitioner again urged that Johnson announced a new rule
17 "settled in Demaya (sic) and Davis."  On October 15, 2019, the Fifth Circuit issued an order
18 authorizing the sentencing court to consider Petitioner's successive 28 U. S. C. § 2255 motion.

19       On February 25, 2021, the Texas court first determined that Petitioner had made a sufficient
20 showing that he was authorized to proceed with a successive § 2255 motion. Castillo-Chavez, Case
21 No. 5:16-cv-00173, at 3.  The court found Petitioner could not overcome the hurdle of actually
22 proving that the relief he sought relied on a new, retroactive rule of constitutional law. Id. at 4.  In his
23 motion, Petitioner alleged that his sentence for violation of 18 U.S.C. § 924(c)(1)(C) ("firearm count")
24 was invalidated by the Supreme Court's ruling in United States v. Davis, 139 S.Ct. 2319 (2019),
25 because the charge was predicated on § 924(c)'s residual clause.  The Texas court rejected the claim,
26 concluding that Petitioner's conviction relied on the "elements clause" of § 924(c)(3), not the residual
27 clause, and Davis left intact the elements clause of § 924(c)(3). Id. at 8.  The court noted that the only
28

evidence at trial of any crime of violence for the two challenged counts was of attempted murder, and attempted murder qualified as a crime of violence under the elements clause. Id.

For the same reasons, the Texas court rejected Petitioner's claim that his conviction for violation of 18 U.S.C. § 1952(a)(2) ("Travel Act count") was predicated on the residual clause and therefore ran afoul of Davis. The court noted that the term "crime of violence" was defined in the same manner as § 924(c)(3)(A) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. The Texas court rejected Petitioner's claims, concluding that Petitioner could not prove that his convictions relied on the residual clause invalidated by Davis. Id. at 9.

On March 20, 2023, Petitioner filed the instant habeas petition. He contends that he should be permitted to collaterally attack his conviction via § 2241, because the law has changed since his previous § 2255 motion was denied, and he does not have an adequate or effective remedy to present his claim. Petitioner raises substantially the same claims he raised in his most recent § 2255 motion, but he claims that certain legal impediments and precedents were either cleared or overruled by intervening laws such that his claims deserve another look. For reasons discussed below, the Court finds that Petitioner fails to satisfy the savings clause, and the petition should be dismissed for lack of jurisdiction.

## DISCUSSION

I.   Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (*per curiam*). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963). Here, Petitioner fails to satisfy the savings clause because he fails to present a claim of actual innocence and he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

A.   Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained

1   that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is
2   more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623
3   (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal
4   insufficiency.  Id.

5   Here, Petitioner does not challenge his actual conviction.  He instead takes issue with the
6   sentence, specifically, the sentencing provisions in §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i).  He
7   alleges that the predicates used to substantiate the sentences should not have qualified and were
8   erroneously used to calculate his sentence.  Claims of sentencing error have nothing to do with factual
9   innocence of the crimes of conviction and, therefore, are insufficient to invoke the savings clause. See
10  Frank v. Banks, 2011 WL 3477096, at *3–5 (C.D. Cal. July 15, 2011), *adopted*, 2011 WL 3476602
11  (C.D. Cal. Aug. 9, 2011) (agreeing that "every circuit" to have addressed the issue "has concluded that
12  the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the
13  underlying conviction, not merely the sentence"); Saikaly v. Smith, 2006 WL 2827690, *1 (E.D. Cal.
14  Sept. 29, 2006) ("Petitioner claims constitutional error in the calculation of his sentence. Sentencing
15  error does not constitute actual innocence ...."); Bousley, 523 U.S. at 623 (a claim of actual innocence
16  requires a showing of factual innocence, not legal insufficiency); Marrero v. Ives, 682 F.3d 1190, 1192
17  (9th Cir. 2012) (the mere assertion of innocence, without a showing of "evidence tending to show that
18  [the petitioner] did not commit the [acts] underlying his convictions," is insufficient to satisfy the
19  actual innocence standard).  Petitioner's failure to assert a claim of factual innocence alone bars him
20  from qualifying for the § 2255 escape hatch.  Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012)
21  (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of
22  actual innocence).

23  B.   Unobstructed Procedural Opportunity

24  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because
25  a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See
26  Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from
27  raising his claim of innocence by motion under § 2255. He must never have had the opportunity to
28  raise it by motion.").

Here, Petitioner has had and potentially still has unobstructed procedural opportunities to present his claims. First, Petitioner relies upon Davis for his claims; however, the Texas court has already addressed Davis in his most recent § 2255 action and noted it has no application in his case. See Castillo-Chavez, Case No. 5:16-cv-00173. To the extent Petitioner contends the Texas court committed "obvious clear error that went unnoticed by trial counsel and the sentencing court" (Doc. 1 at 11), such claim could and should have been raised in his various actions before this case. Petitioner offers no reason why a clear and obvious error could not have been raised at an earlier date. Moreover, if the error is manifest, Petitioner does not state whether he pursued an appeal or motion for reconsideration concerning the error, and if not, why he failed to do so.

Petitioner also claims that the legal landscape has changed such that his claims are now cognizable. However, Petitioner does not demonstrate that the legal landscape changed in any way material to his case. He cites first to United States v. Taylor, 142 S.Ct. 2015 (2022), but Taylor is inapplicable to his case. In Taylor, the Supreme Court determined that Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A). Petitioner was not convicted of Hobbs Act robbery. He also cites to Borden v. United States, 141 S.Ct. 1817 (2021). In Borden, the Supreme Court determined that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act. Id. at 1834. Borden is inapplicable because Petitioner was not convicted of a criminal offense that required only a *mens rea* of recklessness. Petitioner next cites to Jones v. Hendrix, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, 142 S.Ct. 2706, a case that has not yet been decided by the Supreme Court. Petitioner does not state how Jones would alter the outcome of his case, and the Court cannot find any applicability here. In Jones, the Eighth Circuit held that § 2255's remedy is not inadequate or ineffective simply because there has been a change in caselaw and the petitioner is subject to a successive-motions bar. Id. at 686-87. The Supreme Court may have granted *certiorari* to resolve the split amongst the circuits. In any event, the outcome will not aid Petitioner here. Finally, Petitioner cites to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Wheeler is a Fourth Circuit case and offers only persuasive authority in this Circuit. The case was also decided in 2018, and was available to Petitioner in any of his several pleadings and actions filed thereafter.

7

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 24, 2023**              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE