**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO CASTILLO-CHAVEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | No. 1:23-cv-00413-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 5)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Gerardo Castillo-Chavez is a federal prisoner proceeding with appointed counsel and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court conducted a preliminary review of the petition and recommended the petition be dismissed for lack of jurisdiction. (Doc. 5.) Petitioner filed objections to the Findings and Recommendation on April 25, 2023. (Doc. 9.) Thereafter, pursuant to General Order 563, the matter was referred to the Federal Defender's Office, and on April 25, 2023, attorney Verna Wefald was appointed as Petitioner's counsel. (Docs. 6, 8.) The Court stayed the Findings and Recommendations and granted counsel leave to supplement the petition. (Doc. 6.)

On June 22, 2023, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S.

1

\_\_\_, \_\_\_ S. Ct. \_\_\_, 2023 WL 4110233 (2023).  In *Jones*, the Supreme Court held that the savings clause in 28 U.S.C. § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*., at \*5. In light of the Supreme Court's decision, on June 26, 2023, Counsel for Petitioner filed a notice advising the Court that Counsel would not be submitting further briefing. (Doc. 12 at 3.)  On June 28, 2023, the Magistrate Judge vacated the stay of the Findings and Recommendation and submitted them to this Court pursuant to 28 U.S.C. § 636(b)(1)(B).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  A certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. Thus, the Cout **ORDERS**:

1. The Findings and Recommendations issued on March 27, 2023, (Doc. 5), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **June 30, 2023**

UNITED STATES DISTRICT JUDGE

3